**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHAD RUGH, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cv-01078-GMN-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | (Mot Compel IME - Dkt. #20) |
| COMPANY, *et al.,* ) | (Mot 45-day Ext - Dkt. #21) |
| ) | |
| Defendants. ) | |
| _____) | |

Before the court is Liberty Mutual Fire Insurance Company and Traveler Property Casualty Company of America's Joint Motion to Compel Plaintiff's Attendance at Independent Medical Exam (Dkt. #20); and Motion for 45-Day Extension of Dates Within the Scheduling Order (Dkt. #21). The court has considered the Motion, Plaintiff's Response (Dkt. #27) and Defendants' Reply (Dkt. #29).

This is an action arising out of an automobile collision on May 11, 2005, on State Route 160 in Nevada. Plaintiff settled with the driver of the other vehicle, and filed a claim for uninsured motorist benefits. On May 19, 2009, he made a policy limits demand to an adjuster for Liberty Mutual. Liberty Mutual offered significantly less than his policy limits. On September 16, 2009, Plaintiff made a policy limit demand to an adjuster for Travelers who failed to make any settlement offer. His Complaint was filed in state court and alleges claims for breach of contract, violation of Nevada's Unfair Claims Practices Act, and breach of the covenant of good faith and fair dealing. He seeks lost wages, general damages, special damages, punitive damages, prejudgment interest, reasonable attorney's fees and costs of suit. Defendants removed the case July 1, 2010.

In the current motion, Defendants seek an order compelling the Plaintiff to appear in Las Vegas, Nevada, for an independent medical examination ("IME"). Defendants also seek a 45-day extension of the Discovery Plan and Scheduling Order deadlines to complete an independent medical examination of

the Plaintiff, and potentially conduct followup discovery, including the designation of initial and rebuttal expert witnesses. Defendants argue that good cause exists under Fed.R.Civ.P. 35 to compel an independent medical examination because Plaintiff has put his physical condition in issue in filing this lawsuit. Defendants ask that the court order the Plaintiff to appear in the District of Nevada for an independent medical examination, notwithstanding that he had subsequently moved to Texas, because he selected Nevada as the forum for his lawsuit.

Defendants did not request an IME until after taking Plaintiff's deposition on December 1, 2010. At that time, Plaintiff testified that he may be a candidate for future medical intervention which he attributes to injuries suffered in the accident involved in this lawsuit. Counsel for Defendants made numerous attempts to schedule an IME with opposing counsel before filing this motion. Plaintiff considered, but rejected Defendants' request to attend an IME in Las Vegas.

Plaintiff opposes the motion asserting Defendants should have made arrangements to have an IME taken at the time Plaintiff traveled to Las Vegas for his deposition. Plaintiff acknowledges that some courts have compelled a party to attend an IME in the jurisdiction where the action is pending. However, Plaintiff argues the court's authority should be used judiciously, and Defendants should be required to make every reasonable effort to schedule all examinations and tests on a single day so that Plaintiff is not unduly inconvenienced. Plaintiff did not respond to Defendants' request for a 45-day extension of the Discovery Plan and Scheduling Order deadlines.

Defendants' reply that it was not until Plaintiff's deposition was taken on December 1, 2010, that the need for an IME became apparent. Defendants point out that they attempted to schedule Plaintiff's deposition in mid-November, and counsel for Defendants offered to travel to Texas if necessary to take the Plaintiff's deposition. However, Plaintiff's counsel did not confirm Plaintiff's attendance on the November 17, 2010 date initially scheduled for Plaintiff's deposition. Defendants also represent that Plaintiff did not respond to written discovery before his scheduled deposition, and therefore Defendants lacked sufficient information to raise the issue about an IME earlier.

As an initial matter, the court notes that Plaintiff does not dispute that Plaintiff put his medical condition in issue, nor that Plaintiff testified at his deposition that he may require future medical intervention as a result of injuries he attributes to the accident involved in this lawsuit. In fact, Plaintiff

has offered to attend an IME in Texas where he currently resides. Rather, Plaintiff asks that the court deny the motion to compel to the extent it requests the Plaintiff to appear in Nevada for the IME.

Neither side addressed any issues regarding the manner, condition or scope of the proposed IME. Both sides agree an IME is appropriate, but the parties disagree where the IME should take place. Plaintiff made a $100,000.00 policy limits demand on Defendant Liberty Mutual, and a $25,000.00 policy limits demand on Defendant Travelers after settling his dispute with the adverse driver. He filed suit in this forum and subsequently moved to Texas. Defendants were not aware until his deposition was taken December 1, 2010, of Plaintiff's claim that he may require future medical intervention for injuries sustained in the accident involved in this lawsuit. Under these circumstances, the court finds the Defendants have established good cause to conduct an independent medical examination, and that the independent medical examination should occur in the forum where the examiner is subject to this court's jurisdiction.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. Defendants' Motion to Compel Plaintiff's Attendance at Independent Medical Exam (Dkt. #20) is **GRANTED.** The parties shall forthwith meet and confer to schedule a mutually convenient date and time for the examination as expeditiously as possible.

2. Defendant's Motion for 45-Day Extention (Dkt. #21) is **GRANTED**, and the Discovery Plan and Scheduling Order deadlines are extended as follows:

    b. Last date to complete discovery: **May 18, 2011.**
    c. Last date to amend pleadings and add parties: **Expired.**
    d. Last date to file interim status report: **March 21, 2011.**
    e. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **March 19, 2011.**
    f. Last date to disclose rebuttal experts: **April 18, 2011.**
    g. Last date to file dispositive motions: **June 17, 2011.**
    h. Last date to file joint pretrial order: **July 17, 2011.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended

        until 30 days after a decision of the dispositive motions.

    i.    The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

    j.    Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., April 28, 2011,** and shall fully comply with the requirements of LR 26-4.

Dated this 28th day of February, 2011.

_____
Peggy A. Leen
United States Magistrate Judge